FILED
CLERK, U.S. DISTRICT COURT
APR 27 2005
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

SCANNED

___ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

DOCKETED ON CM
APR 27 2005
BY          005

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

*IN RE* CONSECO LIFE INSURANCE COMPANY COST OF INSURANCE LITIGATION

CASE NO. ML 04-1610 AHM (Mcx)

ORDER RE: CERTIFICATION OF "CALIFORNIA" CLASS

## INTRODUCTION

The Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to certify a "California" class as to causes of action two, three, four and five in the Consolidated Amended Complaint ("CAC"). The Court certifies the "California" class as to causes of action 2 and 5 only. Plaintiffs' allegations, as well as the principles and standards applicable to Fed. R. Civ. P. 23 class certification, are discussed in the companion order I issued in these cases certifying a national class. I incorporate that order by reference.

### I. Definition of the Class

For the reasons outlined in the companion Order, a time reference will be added to the proposed class definition for greater clarity as follows:

All California residents who owned a Lifestyle or Lifetime insurance

236

policy issued by Massachusetts General Life Insurance Company, Philadelphia Life Insurance Company or Conseco Life Insurance Company as to which Conseco eliminated use of the "R Factor" **in October 2003 or May 2004.**

The certified class does not include officers or actuaries (or their immediate families) of Massachusetts General Life Insurance Company, Philadelphia Life Insurance Company or Conseco Life Insurance Company or any of their parent companies or affiliates.

## II. Causes of Action Two and Five

### A. Cause of Action Two - Insurance Bad Faith

Plaintiffs allege that Defendants knew that adjusting the cost of insurance rates by eliminating the R-Factor was illegal and that Defendants continued to impose the wrongful increases after objections and complaints from policyholders, materially breaching the duty of good faith and fair dealing owed to policyholders.. CAC ¶¶ 171-72. For the reasons and under the analysis set forth in the companion Order regarding Plaintiffs' breach of contract claim, I find that Plaintiffs have met their burden of establishing a basis for certification under Fed. R. Civ. P. 23 of their insurance bad faith claim.

Plaintiffs allege emotional damages under this cause of action. CAC, ¶ 178. I DENY certification as to emotional distress damages because individual issues would predominate.

### B. Cause of Action Five - Cal. Bus. & Prof. § 17200

Plaintiffs assert claims under Cal. Bus. & Prof § 17200, alleging that Defendants committed acts of unfair competition in their marketing and selling of the policies, and adjusting the cost of insurance rates on grounds other than worsening mortality in order to increase premiums and force insureds to surrender policies. CAC ¶¶ 213-19. Plaintiffs request the following relief under their § 17200 claim: (1) an injunction against collecting increased cost of insurance charges, against requiring a general release of liability for surrender of policies,

and against enforcing any releases; (2) an injunction requiring the reinstatement of policies that were surrendered or cancelled as a result of the increased charges; (3) restitution of premiums wrongfully collected; and (4) attorneys' fees.

Defendants' only objection specific to this cause of action is that Plaintiffs cannot meet new standing requirements imposed by the recently passed Proposition 64. Proposition 64, which was passed in November 2004, amended the California Business and Professions Code. It requires plaintiffs to demonstrate injury in fact and that they have lost money or property as a result of the alleged unfair competition. Cal. Bus. & Prof. § 17204. The weight of recent California state court authority supports a finding that Proposition 64 applies retroactivity to cases begun before its passage, and I will apply its requirements here. *See, e.g., Lytwyn v. Fry's Electronics, Inc.*, 126 Cal. App. 4th 1455, 1479-80 (2005).

I find that named Plaintiff Gomer satisfies the new standing requirement because he both paid increased cost of insurance charges (injury in fact) and also suffered a diminution in the level of his insurance coverage (lost property). Because Plaintiffs have standing, they are entitled under § 17200 to bring a class claim, provided that California's class certification provision (Cal. Civ. Pro. § 382) is met.[1] Cal. Bus. & Prof. § 17203. Pursuant to § 382, the party seeking certification must establish the existence of "an ascertainable class with a well-defined community of interest among its members. The community of interest requirement includes three factors: (1) predominant questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3)

---

[1] § 382 provides in relevant part that: "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

class representatives who can adequately represent the class." *See Reese v. Wal-Mart Stores, Inc.*, 73 Cal. App. 4th 1225, 1234 (1999). Among the criteria to be considered is whether class action treatment is superior to other remedies. *Id.* Since these requirements essentially mirror those of Fed. R. Civ. P. 23, and because I find that Plaintiffs have met those requirements with respect to the breach of contract claim, I find that certification of Plaintiffs' § 17200 claim is appropriate. However, because I decline to certify Plaintiffs' fraud claims, the § 17200 class claim shall be limited to injunctive relief and restitution for any breach of contract.

### III. Causes of Action Three and Four

In causes of action three and four, asserting claims for fraudulent misrepresentation and fraudulent concealment, Plaintiffs essentially allege that Defendants did not disclose the existence of the R-Factor and that it could be removed for any reason at all, and that Plaintiffs relied on these misrepresentations and concealments in purchasing the policies at issue. CAC, ¶¶212.

The elements of a claim for fraudulent or intentional misrepresentation and/or concealment are: (1) misrepresentation by way of a false representation, concealment or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 974 (1997).

The crux of the dispute over certification of these fraud claims is whether they raise common questions of law and fact. Plaintiffs argue that the elements of their fraud claims can be established on a class-wide basis and that reliance can be presumed for all proposed class members because Defendants have made a material omission. *Vazquez v. Superior Court of San Joaquin County*, 4 Cal. 3d 800 (1971); *Occidental Land, Inc. v. Superior Court of Orange Co.*, 18 Cal. 3d 355 (1976).

1    In *Vazquez*, consumers sought class certification and rescission of contracts
2    for the purchases of freezers on the theory of fraudulent misrepresentation.
3    Plaintiffs alleged that the salesmen "memorized a standard statement containing
4    the representations (which in turn were based on a printed narrative and sales
5    manual) and that this statement was recited by rote to every member of the class."
6    *Vazquez*, at 811-12. Such uniformity is not apparent here. Defendants have
7    offered evidence that the R-Factor policies were marketed, sold and serviced in
8    different ways by independent agents. For example, the policies were sold at
9    face-to-face meetings through independent insurance agents who sold other
10   products issued by other companies. *See* David White Decl., ¶ 3. The
11   independent agents used their own discretion and professional judgment in
12   determining how to market the policies. *Id.*, at ¶ 6. Moreover, although Plaintiffs
13   allege that the R-Factor was not disclosed in the policy, marketing materials or
14   sales illustrations (and this appears to be undisputed by Defendants), Defendants
15   have submitted evidence that some agents and policyholders discussed the R-
16   Factor, and that what particular policyholders knew and understood about the R-
17   Factor varies considerably. *See id.*, at Ex. C5-C7. Moreover, reliance and
18   materiality are much easier to presume for the purchase of a tangible good such as
19   a refrigerator than they are for the much more complex selection of a life
20   insurance policy; purchases of the latter product take into account a host of
21   factors beyond price, size and the terms of the warranty. These differences
22   preclude a finding of commonality.
23   In *Occidental Land*, plaintiff purchasers alleged that the defendant
24   developer fraudulently represented to each plaintiff, orally and in writing, that the
25   homeowner association would undertake certain maintenance activities, that the
26   monthly assessment for those activities was a certain amount, and that the amount
27   would only increase as a result of identified factors. *Occidental Land*, at 359.
28   The misrepresentations were also contained in a public report, and each purchaser

1  was obligated to read the report and state in writing that he had done so. *Id.*, at
2  358.. The Court held that a class-wide inference of reliance was justified under
3  the rule announced in *Vazquez* because the purchases were acts consistent with
4  reliance on the subdivision report. *Id.*, at 363. The Court noted in support of
5  certification that damages could be calculated according to a standard formula.
6  *Id.*, at 364. *Occidental Land*, while closer to the facts here than *Vazquez*, is also
7  distinguishable because Plaintiffs here were not required to state in writing that
8  they had read a public report containing the alleged misrepresentations.

9       In their Reply Memorandum, Plaintiffs stated that the "core controversy in
10  this case – whether the language of the form Policies permits Conseco to impose
11  its huge cost of insurance increases, simultaneously on all Policyholders –
12  presents an overriding common issue uniting all members of the proposed
13  nationwide contract class." Reply Memorandum, p. 3. I found that their assertion
14  is correct as to the breach of contract claim. At the same time, the many
15  differences of fact with regard to knowledge and reliance preclude certification of
16  Plaintiffs' fraud claims. This is so even though Defendants have not thus far
17  identified any California policyholder who was told of the R-Factor.

19  IT IS SO ORDERED.

21  DATE: April 27, 2005

                                          A. Howard Matz
                                          United States District Judge