O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL No. 04-1610 AHM (Mcx)√<br>CV 05-1850 AHM (Mcx)<br>CV 05-8584 AHM (Mcx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | IN RE CONSECO LIFE INSURANCE COMPANY COST OF INSURANCE LITIGATION;<br>ARARAKI v. CONSECO LIFE INSURANCE COMPANY;<br>AE VENTURES v. CONSECO, INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

The Court GRANTS the motion of Plaintiffs in the "Arakaki" (CV 05-1850) and "AE Ventures" (CV 05-8584) actions for a suggestion of remand to the District of Hawaii.[1]

On June 23, 2004, the Judicial Panel on Multidistrict Litigation ("JPML") granted Conseco Life Insurance Company's ("Conseco") motion for coordinated and consolidated pretrial proceedings under 28 U.S.C. § 1407 and designated this Court as the MDL Court. *In re Conseco Life Insurance Co. Cost of Insurance Litig.*, 323 F.Supp.2d 1381, 1383 (Jud. Pan. Mult. Lit. 2004). The JPML found that centralization of actions against Conseco arising out of its method of calculating monthly deductions on certain of its life insurance policies was warranted "to serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Id.*

Plaintiffs in the *Arakaki* and *AE Ventures* cases ("Hawaii Plaintiffs") filed their complaints in the District of Hawaii in January 2005 and September 2005, respectively. Together, these two cases encompass over 860 plaintiffs (but they are not putative class actions). The JPML transferred *Arakaki* and *AE Ventures* to this Court for inclusion in the MDL proceeding. This Court certified a national class action in April 2005 and

---

[1]Docket No. 549.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL No. 04-1610 AHM (Mcx)√<br>CV 05-1850 AHM (Mcx)<br>CV 05-8584 AHM (Mcx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | IN RE CONSECO LIFE INSURANCE COMPANY COST OF INSURANCE LITIGATION;<br>ARARAKI v. CONSECO LIFE INSURANCE COMPANY;<br>AE VENTURES v. CONSECO, INC. | | |

approved a national class settlement in June 2007. Hawaii Plaintiffs opted out of the settlement, but their cases were mistakenly closed when their case numbers were inadvertently added to the Final Judgment of Class Action. Recently the Court corrected the error and reinstated their cases.[2] They now seek a recommendation from this Court for remand to the District of Hawaii.

The JPML is required to remand individual cases upon the conclusion of the coordinated or consolidated pretrial proceeding. 28 U.S.C. § 1407(a) ("Each action so transferred *shall be remanded* by the panel at or before the conclusion of such pretrial proceedings. . ."). Whether Hawaii Plaintiffs are entitled to such mandatory remand depends on whether the MDL proceeding has concluded. *Arakaki* and *AE Ventures* are the only remaining cases before this MDL Court and both were filed in the same federal district. For all practical purposes, therefore, the "multidistrict" proceeding has concluded.[3] Nonetheless, relying on the Third Circuit cases *In re Wilson* and *In re Patenaude*, Conseco argues that under certain circumstances MDL proceedings should not be deemed "concluded" within the meaning of 28 U.S.C. § 1407(a) even if some plaintiffs' claims have terminated. In those cases, however, there were still multiple transferor districts represented by the remaining cases and common issues still had to be litigated among those cases. *See In re Wilson*, 451 F.3d at 165; *In re Patenaude*, 210 F.3d at 137-38. Here, in contrast, there are only two cases, both from the District of Hawaii.

In any event, Hawaii Plaintiffs invoke also the JPML's power of discretionary remand. As Conseco acknowledges, where coordinated pretrial proceedings have *not*

---

[2]See Minute Order dated August 7, 2008 (Docket No. 552).

[3]Indeed, for the past fourteen months, this Court was unaware that any case that had been transferred to it by the JPML was still pending, including these cases. This was in part because *Arakaki* and *AE Ventures* were inadvertently closed on the docket and in part because neither case has come before the Court on any matter until now.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL No. 04-1610 AHM (Mcx)√<br>CV 05-1850 AHM (Mcx)<br>CV 05-8584 AHM (Mcx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | IN RE CONSECO LIFE INSURANCE COMPANY COST OF INSURANCE LITIGATION;<br>ARARAKI v. CONSECO LIFE INSURANCE COMPANY;<br>AE VENTURES v. CONSECO, INC. | | |

concluded, the JPML panel may remand an individual action to the transferor forum at its discretion, usually upon a recommendation from the transferee court. *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006); *In re Wilson*, 451 F.3d 161, 172 (3d Cir. 2006); *In re Patenaude*, 210 F.3d 135, 142 (3d Cir. 2000).

     In this Court's view, retaining these cases in the Central District of California would no longer serve "the convenience of parties and witnesses and. . .promote the just and efficient conduct of such actions," based on the following considerations. 28 U.S.C. § 1407(a).

- It will not serve the convenience of the parties and witnesses for these cases to be litigated in this district or before this Court. Although Defendants repeatedly and erroneously state that there are 868 "cases" (there are "only" two cases), there are some 868 plaintiffs, and most of them reside in Hawaii, as do their lawyers.
- Defendants place great emphasis on this Court's experience in settling the national and California class actions. Although this Court invested extensive effort and time in helping to settle those cases, it is unlikely that what the Court learned several years ago (most of which it would have to learn all over again) would assist these hundreds of parties, who presumably have reserved the right to negotiate separately and independently. Moreover, any expertise that this Court can bring to settlement of the remaining cases is reflected almost entirely in the publicly available class action settlement agreement that the Court facilitated. In any event, the Reply Declaration of Mark S. Davis establishes that recently Defendants cancelled the previously scheduled mediation at the eleventh hour, and the Court has received no indication that a resumption of settlement negotiations is planned.
- As to discovery, in this District the Magistrate Judge would have the initial, and likely dispositive, responsibility for adjudicating disputes. The particular Magistrate Judge assigned to the remaining cases devoted little, if any, time to MDL No. 04-1610 when it was pending. To the extent the large number of plaintiffs present logistical challenges, there is no reason the District Court in Hawaii cannot coordinate discovery and otherwise efficiently manage the cases as well as any MDL court may be able to

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL No. 04-1610 AHM (Mcx)√<br>CV 05-1850 AHM (Mcx)<br>CV 05-8584 AHM (Mcx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | IN RE CONSECO LIFE INSURANCE COMPANY COST OF INSURANCE LITIGATION;<br>ARARAKI v. CONSECO LIFE INSURANCE COMPANY;<br>AE VENTURES v. CONSECO, INC. | | |

do.

    Hawaii Plaintiffs have shown good cause that there would be no further efficiencies to be gained by centralizing their cases in this forum, because the only remaining discovery is case-specific and involve mostly Hawaii plaintiffs and transactions that occurred in Hawaii.

    For these reasons, the Court GRANTS Plaintiffs' motion for a suggestion of remand.  Pursuant to 28 U.S.C. § 1407, this Court suggests that the claims of Plaintiffs in *Arakaki* and *AE Ventures* be remanded to the United States District Court for the District of Hawaii.

    No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                    :

Initials of Preparer                  SMO